(Reap. Dec. 8311)

R. W. SMITH v. UNITED STATES

Entry No. 1345–H.

(Decided May 20, 1954)

*Philip Stein* for the plaintiff.

*Warren E. Burger*, Assistant Attorney General (*Richard M. Kozinn*, trial attorney), for the defendant.

JOHNSON, Judge: This reappraisement was filed by the importer against the entered value of mild steel plates, 37 plates measuring 60′ x 24″ x ⁵⁄₁₆″, being entered at U. S. $103.75 per metric ton, and the remaining plates, of a thickness of ⅜″, ½″, and ¾″, being entered at U. S. $102 per metric ton, all less inland freight and consular fee.

At the trial of this case, counsel for both sides entered into the following oral stipulation:

MR. STEIN: It is hereby stipulated and agreed by and between counsel for the respective parties hereto, subject to the approval of the court:

1. That the merchandise the subject of the appeal for reappraisement set forth in the commercial invoice attached to the official papers, which invoice is offered in evidence herein, and red pencil noted 5 and 6, attached to the consular invoice, consists of mild steel plates of various dimensions, manufactured in Rombas (Lorraine), France, a short distance from the Belgian border, by Forges et Acieries de Dilling, Dillingen (Saar), covered by consular invoice No. 604, dated December 8, 1950, at Strasbourg, and shipped by rail from France on November 24, 1950, to Antwerp, Belgium, for shipment to the United States under original Ocean Bill of Lading No. 50.

2. That due solely to a clerical error on the part of a clerical employee of the customs brokerage firm which made the entry, entry was made showing that the merchandise was exported on December 6, 1950 (the date of sailing of the vessel from Antwerp, Belgium), whereas said entry papers should have indicated that the date on which the entry was exported from and left the Saar Economic Union, the country of exportation, was November 24, 1950.

3. That on November 24, 1950, the actual date of exportation herein, the market value or the price at which the mild steel plates covered by the invoice above referred to were freely offered for sale to all purchasers in the principal markets of the Saar Economic Union, the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was $94.00 per metric ton, unpacked, less inland freight of $8.02 per metric ton, plus extras of $1.75 per metric ton, on the item of 37 plates, ⁵⁄₁₆ of an inch on the invoice.

4. That on or about the date of exportation of the merchandise involved herein, such or similar merchandise was not freely offered for sale for home consumption in the Saar Economic Union.

5. That the appeal for reappraisement herein be deemed submitted on this stipulation and the record thus made.

I will ask that the invoice which is attached to the official papers, and attached to the consular invoice, bearing red letter numbers 5 and 6, be considered in evidence for the purposes of this stipulation.

MR. KOZINN: The Government has no objection to receiving the invoice in evidence.

JUDGE JOHNSON: Without objection, the invoice is received in evidence.

MR. KOZINN: The Government so stipulates,——

MR. STEIN: On that stipulation, I submit the case.

MR. KOZINN: The Government so stipulates, after conferring with Appraiser Daniel, and submits.

JUDGE JOHNSON: Case submitted.

In view of the agreed statement of facts and the record in this case, I find that the export value is the proper basis of value to be considered. I further find that that value, as defined in section 402 (d) of the Tariff Act of 1930, for the 37 plates, ⁵⁄₁₆ of an inch, is U. S. $94 per metric ton, unpacked, less inland freight of U. S. $8.02 per metric ton, plus extras of U. S. $1.75 per metric ton, and upon the remainder of the merchandise, the value is U. S. $94 per metric ton, unpacked, less inland freight of U. S. $8.02 per metric ton.

Judgment will, therefore, be entered in favor of the plaintiff to the extent indicated.